# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br>vs.<br><br>PEDRO MANUEL VILLAREAL,<br><br>                  Defendant. | CASE NO. 12cr0560-LAB<br><br>**ORDER DENYING JOINT APPLICATION FOR SENTENCE REDUCTION UNDER AMENDMENT 782 AND § 3582(C)(2)** |

The parties have filed a Joint Application for Sentence Reduction in this case pursuant to Amendments 782 and 788 of the United States Sentencing Guidelines ("Guidelines" or "USSG"), and 18 U.S.C. § 3582(c)(2). They maintain that Pedro Manuel Villareal is eligible for relief under those provisions, but after reviewing the sentencing transcript in this case the Court concludes he is not.

The Court sentenced Villareal in July 2012, calculating his Guidelines this way:

| | |
|---|---:|
| Base Level: | **38** |
| Acceptance of Responsibility downward adjustment (§ 3E1.1(a)(b)): | **-3** |
| Fast Track departure (§ 5K3.1): | **-4** |
| Substantial Assistance Departure (§ 5K1.1) | **-2** |

His Base Offense Level was 29, and owing to a long and serious criminal past (more on that later), Villareal found himself in Criminal History Category IV. His Guidelines sentencing range was 121-151 months. After considering the § 3553(a) factors, the Court imposed a 151 month sentence.

This Court has previously ruled that departures and variances that were granted originally can't be considered when calculating a defendant's Amended Guidelines range, with the single exception of departures for Substantial Assistance. *United States v. Gonzalez-Rodriguez*, 2015 U.S. Dist. LEXIS 88881, at *2-3 and n.2 (S.D. Cal. July 8, 2015). Other courts in this district have reached the same conclusion, *see, e.g., United States v. Gutierrez-Zuniga*, 2015 U.S. Dist. LEXIS 97014, at *3, 8, and n.2 (S.D. Cal. July 24, 2015) (Huff, J.), and the Ninth Circuit has echoed this view. *See United States v. Davis*, 739 F.3d 1222, 1225 (9th Cir. 2014) (Sentencing Commission sought to strike appropriate balance and prevent windfalls to defendants by prohibiting reductions below the amended guidelines range except for substantial assistance); *United States v. Pleasant*, 704 F.3d 808, 812 (9th Cir. 2013) (amended Guideline range "is derived pre-departure and pre-variance"). So have other federal circuit courts. *See, e.g., United States v. Hogan*, 722 F.3d 55, 60-61 (1st Cir. 2013) (the plain language of Application Note 1(A) to § 1B1.10(b)(1) makes clear that the applicable guideline range in determining whether a defendant is eligible for a sentence reduction is determined *before* consideration of any departure provisions, except substantial assistance) (collecting cases); *United States v. Erskine*, 717 F.3d 131, 137 (2d Cir. 2013) (2011 amendment to § 1B1.10 prohibits reliance on earlier-applicable variances or departures in calculating amended Guidelines range). So the 4-level Fast Track departure that Villareal originally received must be backed out of the calculation of his amended Guidelines.

Under the amended Guidelines, Villareal receives a 2 point reduction from his original Base Offense Level, but that credit is offset because the Fast Track departure no longer counts:

| | |
|---|---|
| Base Level: | **36** |
| Acceptance of Responsibility downward adjustment (§ 3E1.1(a)(b)): | **-3** |
| Substantial Assistance (§ 5K1.1): | **-2** |
| ~~Fast Track departure (§ 5K3.1):~~ | ~~-4~~ |

/ / /

Villareal's new Adjusted Offense Level is 31, his Criminal History Category remains at IV, and his sentencing range *increases* to 151–188 months – higher than his original range of 121–151 months. Because the low end of the amended Guidelines range (151 months) is the same as his original sentence, he is ineligible for a sentence reduction under Amendment 782. *See* USSG § 1B1.10(b)(2)(A) ("[T]he court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range . . . .").

**§ 3553(a) Analysis**

Even if Villareal were eligible for a sentence reduction, the Court would not grant one after reconsidering the relevant § 3553(a) factors in this case. They include, among others: the nature and circumstances of the offense, and the history and characteristics of the defendant; the purposes of sentencing; the need to protect the public and for deterrence; the kinds of sentences available; the sentences and ranges established by the Sentencing Guidelines; relevant policy statements issued by the Sentencing Commission; and the need to avoid unwarranted sentencing disparities in sentencing.

Villareal has been in trouble, on and off, since he was 19 years old. He's now 37. His prior record includes felony convictions for burglary in 1997 and for importing marijuana into the United States in 2001, for which he was sentenced to 18 months in federal prison. Between roughly 1997 (when he was 19) and 2008, he suffered numerous misdemeanor convictions for being under the influence of drugs, drunk driving, wife beating, and obstructing police officers. During his presentence interview, Villareal gave a possible explanation for all his bad behavior: he had smoked heroin and regularly used cocaine since he was a teenager.

In this case, he was arrested at the San Clemente checkpoint transporting 3.2 kilograms of methamphetamine. He told the arresting agents that he had been working for a drug trafficking organization for the past year. He admitted that he had driven numerous similar sized loads to Los Angeles, Bakersfield, Modesto and Las Vegas.

/ / /

Under § 3553(a)(1), Villareal's offense was serious and aggravated, involving as it did a large quantity of an extremely addictive and dangerous drug. And his crime wasn't a one time mistake; he had delivered many other "similar sized" loads before he finally got caught. Villareal's history of increasingly serious criminal conduct is also an aggravating factor under § 3553(a)(1). Years before he trafficked methamphetamine, he had smuggled marijuana across the border and he served 18 months in federal prison. By 2012, he well knew the risks of getting back into drug trafficking, although he apparently discounted the consequences. His recklessness suggests to the Court that he has not learned from past mistakes and is unlikely to, making the demonstration of consequences more important.

Under § 3553(a)(2)(B), Villareal's original sentence of 151 months reflected the seriousness of his most recent offense, the duration of his involvement in that offense, his extensive criminal record, and his inability to learn from past errors and to reform his behavior. The sentence was proportionate to the crime and to the offender – another way of saying that the punishment was just. Just sentences promote respect for the law, and Villareal's sentence did.

The sentencing transcript demonstrates that the Court was also concerned with protecting the pubic from Villareal, and with deterring him. Prior prison sentences hadn't accomplished either objective, as illustrated by his graduation from marijuana trafficking to methamphetamine trafficking. Granting a 30 month reduction of Villareal's sentence now would be antithetical to the objectives. § 3553(a)(2)(B)(C).

Villareal's original 151 month sentence was within the Guidelines range contemplated by his plea agreement, and was not disproportionate to the kinds of sentences imposed for similar offenses by offenders with aggravated criminal records. As part of Villareal's sentence, the Court recommended him for participation in the 500 hour drug treatment program. The original sentence was thus consistent with other ameliorative statutory provisions of sentencing. § 3553(a)(2)(D), (a)(3), (a)(4).

For all these reasons, even were Villareal eligible for a sentence reduction in this case, the Court would exercise its discretion to deny it.

**CONCLUSION**

Because USSG § 1B1.10 prohibits the Court from reducing Villareal's sentence below the low end of his amended Guidelines range of 151 months, Amendment 782 does not apply to him. Additionally, the Court finds that reducing the sentence in this case is neither equitable or warranted. For these reasons, Villareal's § 3582(c)(2) motion is **DENIED**.

**IT IS SO ORDERED**.

DATED: October 9, 2015

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge